**GENERAL AUTO PARTS COMPANY, an Idaho corporation, Plaintiff—Appellant,**

v.

**GENUINE PARTS COMPANY, a Georgia corporation; Dynaparts LLC, a Georgia limited liability company, Defendants—Appellees.**

No. 07–35290.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2008.

Filed Sept. 18, 2008.

Bruce C. Jones, Esquire, Eric B. Swartz, Esquire, Blackburn Jones, LLP, Boise, ID, for Plaintiff–Appellant.

Randall L. Allen, Esquire, Wade P. Miller, Esquire, Wade W. Pearson, Esquire, Alston & Bird LLP, Atlanta, GA, Eugene A. Ritti, Esquire, Hawley Troxell Ennis & Hawley, Albert P. Barker, Esquire, Rochelle M. Davis, Esquire, Barker, Rosholt & Simpson, Boise, ID, for Defendants–Appellees.

Before: PREGERSON, CANBY, and NOONAN, Circuit Judges.

MEMORANDUM *

General Auto Parts ("General") brought this action against Genuine Parts Co. ("GPC") and Dyna Parts, LLC, seeking, inter alia, monetary and injunctive relief under the Robinson–Patman Act, 15 U.S.C. § 13 *et seq.*, and the Idaho Anti–Price Discrimination Act, Idaho Code Ann. § 48–201 *et seq.* General alleged that GPC's auto-part quantity discounts constituted unlawful price discrimination against General, in favor of Dyna Parts. The district court granted summary judgment against General, and General brought this appeal. Both parties filed motions for summary judgment. The district court granted the motions of GPC and Dyna Parts and denied the motion of General. The court reasoned that General had failed to make out a prima facie case of unlawful price discrimination because there was no evidence of discrimination. General appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

novo. *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987).

We reject General's contention that GPC's volume discount pricing system discriminated against General within the meaning of the antitrust laws. General failed to meet its burden to show that there is an issue of fact as to whether the volume discounts in question were not functionally available to buyers such as General. *See FTC v. Morton Salt Co.,* 334 U.S. 37, 42–44, 68 S.Ct. 822, 92 L.Ed. 1196 (1948). GPC presented unrebutted evidence suggesting that General had failed to take advantage of the discounts of its own volition, and not because of illegal price discrimination between purchasers. *See Tri–Valley Packing Ass'n v. FTC,* 329 F.2d 694, 703–04 (9th Cir.1964) ("nonfavored buyer's failure to take advantage of the opportunity, equally available to him, of buying at the same low prices" is insufficient to show actionable competitive injury). General points to no discount that was wholly beyond its typical purchasing volumes. *See Morton Salt,* 334 U.S. at 42, 68 S.Ct. 822. The record shows that General purchased in large enough quantities to qualify for the volume discounts; it lost the benefit of the discounts because it chose to purchase items one at a time. General's owner testified that cash flow and storage space limitations prevented General from purchasing in larger quantities, but he also admitted that he had never evaluated the economic feasibility of obtaining additional credit or storage facilities. It would be speculative to infer that GPC's discounts were functionally beyond General's reach, *see Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1283 (9th Cir.1983), and speculative inferences are insufficient to overcome summary judgment in the antitrust context. *Richards,* 810 F.2d at 902.

There is also no merit to General's contention that, even if there is no violation of the Robinson–Patman Act, the challenged acts are still prohibited by the Idaho Anti–Price Discrimination Act. The Idaho Act provides for injunctive relief "[i]f … a violation or threatened violation of this act shall be established," Idaho Code § 48–204(a), while federal law allows injunctive relief "against threatened loss or damage by a violation of the antitrust laws." 15 U.S.C. § 26. While the phrase "threatened violation" in the Idaho statute might be read to reach impending or extortionate antitrust violations, it does not blur the definition of the underlying violation itself. GPC's discounts do not fall within that definition.

The judgment of the district court is

**AFFIRMED.**